IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWAYNE WARD,

      Petitioner,

v.                                      CASE NO. 1:11-cv-112-MP-GRJ

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas corpus relief in connection with his 2003 Duval County convictions for second degree murder and attempted first degree murder, for which he received a sentence of 25 years imprisonment. Petitioner previously sought habeas corpus relief from the same convictions pursuant to 28 U.S.C. § 2254 in the Middle District of Florida. The petition was denied by the court in the Middle District of Florida because the petition was time-barred. *Ward v. McNeil*, case no. 3:09-cv-173-HLA-HTS, Doc. 8 (M.D. Fla. Sept. 3, 2009). The docket for the Middle District case does not reflect that Petitioner requested a certificate of appealability from either the Middle District or from the Eleventh Circuit.

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both 28 U.S.C. § 2241 and the restrictions set forth in 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to

consider it. 28 U.S.C. § 2244(b)(3)(A).  Absent authorization, the district court lacks

jurisdiction to consider a second or successive petition.  *See Farris v. United States*,

333 F.3d 1211, 1216 (11th Cir .2003) (addressing a successive motion to vacate under

28 U.S.C. § 2255).

There is nothing in the record reflecting that Petitioner has been granted leave

by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus

this Court lacks the authority to entertain Petitioner's claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 22nd day of June 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**